UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Catherine Burke and
Mikael Rolfhamre

    v.                          Civil No. 06-cv-317-JD

Brookline School District

O R D E R

After the court granted Brookline School District's motion
to dismiss the complaint, Catherine Burke and Mikael Rolfhamre,
who are proceeding pro se, moved for reconsideration.  Their
motion is supported by a memorandum of law filed by the
Disabilities Rights Center, Inc., as amicus curiae.  The District
opposes reconsideration.

In the order dismissing the complaint, the court found that
the plaintiffs had limited their claims to retaliation under the
Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203, and
violation of the procedural requirements of Section 504 of the
Rehabilitation Act.  The plaintiffs did not pursue claims under
the Family Educational Rights and Privacy Act ("FERPA"), the
Individuals with Disabilities in Education Act ("IDEA"),[1] and 42

_____

[1]The District repeatedly refers to the "IDIEA."  The court
assumes that the District intended the Individuals with
Disabilities in Education Act or IDEA as it is commonly
abbreviated.

U.S.C. § 1983, and those claims were dismissed.  The court held
that the plaintiffs' ADA and Section 504 claims were barred by
the holding in <u>Diaz-Fonseca v. Puerto Rico</u>, 451 F.3d 13, 29 (1st
Cir. 2006), that "where the underlying claim is one of violation
of the IDEA, plaintiffs may not use § 1983--or any other federal
statute for that matter--in an attempt to evade the limited
remedial structure of the IDEA."

The plaintiffs argue, with the assistance of amicus curiae,
that their claims are independent retaliation claims under the
ADA and Section 504 which are not restricted by the holding in
<u>Diaz-Fonseca</u>.[2]  The First Circuit stated in <u>Diaz-Fonseca</u> that
"the IDEA does not restrict rights and remedies that were already
independently available through other sources of law."  <u>Id.</u>  The
plaintiffs contend that because the ADA and Section 504 also
provide remedies for retaliation, their claims are independent of
the IDEA.

As the court noted in the previous order, however, the
plaintiffs' claims are premised on violations of the IDEA and the
District's response to the plaintiffs' efforts to obtain IDEA
benefits for their children.  Because of similar provisions in
the ADA, Section 504, and the IDEA, claims arguably might arise

---

[2]They acknowledge that their complaint was "not artfully
drafted."  Mem. at 9.

2

under all three statutes.  The plaintiffs assert in the
memorandum submitted on their behalf by amicus curiae that "the
gravamen of their claims are that Defendant 'engaged in
retaliation, coercion, intimidation and interference' as a result
of their advocacy for children under the Individuals with
Disabilities Education Act . . . ."  Mem. at 1.  The IDEA
provides for retaliation claims that are related to rights
protected under the IDEA.  See Weber v. Cranston Sch. Comm., 212
F.3d 41, 51-52 (1st Cir. 2000).  Only claims for violations of
rights independently provided under the other statutes are
actionable outside of the restricted remedies allowed under the
IDEA.  Diaz-Fonseca, 451 F.3d at 29.  The plaintiffs have not
convinced the court that their claims are based on rights and
remedies that are independent of the IDEA.


## Conclusion

     For the foregoing reasons, the plaintiffs' motion for
reconsideration (document no. 15) is denied.

     SO ORDERED.

                              _____
                              Joseph A. DiClerico, Jr.
                              United States District Judge

March 15, 2007

cc:  Catherine E. Burke, pro se
     Dean B. Eggert, Esquire
     Ronald K. Lospennato, Esquire
     Mikael Rolfhamre, pro se

                                3